UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALEXANDRIA HESSE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:21-cv-00591-SEP |
| MIDLAND CREDIT MANAGEMENT, INC., et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Discovery Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure and to Stay the Briefing of Defendants' Motion to Compel Arbitration, Doc. [23]. For the reasons set forth below, the Motion is granted.

### BACKGROUND

On October 12, 2018, Plaintiff Alexandria Hesse opened a Victoria Secret credit card with Comenity Bank. Doc. [17] at 7. Defendants Midland Credit Management, Midland Funding, and TrueAccord allege that, on or near that date, Comenity sent Plaintiff a Card Agreement that governed the account. *Id.*; Doc. [17-1] (Card Agreement). The Agreement, in relevant part, stated that "[a]rbitration may be elected by any party with respect to any Claim, even if that Party has already initiated a lawsuit with respect to a different claim." *Id*. (citing Doc. [17-1] at 6). The Agreement provided the recipient the ability to opt out of the arbitration clause. Specifically, it provided that "[i]f you don't want this Arbitration Provision . . . to apply, you may reject it by mailing us a written rejection notice." *Id.* The Agreement explicitly warned that, if the recipient did not reject the arbitration provision, it would "substantially affect [his or her] rights." *Id.* Plaintiff did not opt out of the provision and began using the credit card. *Id.* at 8. On May 21, 2021, Plaintiff filed this action alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* Doc. [23] at 5.

On August 31, 2021, Defendants filed a Motion to Compel Arbitration and Stay Proceedings. Doc. [16]. Defendants claim that Plaintiff is bound by the arbitration clause in the

1

Card Agreement to arbitrate her claims individually.  Docs. [17] at 5-7; [18] at 1-2. Additionally, each Defendants contend that each has standing to enforce the Agreement and compel Plaintiff to arbitrate her claims.  Doc. [17] at 14.  Specifically, Midland Credit Management (MCM) asserts that it may enforce the Agreement because the original creditor, Comenity, sold it "all rights, title, and interest, in Plaintiff's Account."  *Id.*; *see* Doc. [17-4] Ex. D.  Midland Funding (MF) argues that, although it was not a signatory to the Bill of Sale, it may also enforce the Agreement because of its status as an affiliate corporation of MCM.  Doc. [17] at 15.  Finally, TrueAccord asserts that it may also enforce the arbitration clause because it was engaged to collect Plaintiff's debt.  Doc. [18] at 1.  Thus, TrueAccord contends that it falls within the class of individuals who may compel arbitration, as the Agreement provides that "any other person or company that provides any services in connection with this Agreement . . . " may do so.  Doc. [18] at 1 (citing Doc. [17-1] at 7).

   Plaintiff has not responded to Defendants' Motion to Compel Arbitration.  Instead, Plaintiff filed a Motion for Discovery Pursuant to Federal Rule of Civil Procedure 56(d) and a Motion to Stay Defendants' Motion to Compel.  Doc. [23].  Plaintiff requests that the Court stay Defendants' Motion and allow her to conduct limited discovery in order to "effectively challenge the threshold issue of whether Defendants can compel arbitration."  Doc. [24] at 2.  Plaintiff makes five specific requests for discovery:  (1) production of the Credit Card Account Purchase Agreement between Comenity and MCM; (2) issuance of subpoenas to Comenity to compel four depositions:  Matthew Blosco, Randy Redcay, and unidentified persons who sent Plaintiff correspondence on November 19, 2019, and the Credit Card Agreement; (3) issuance of subpoenas to MCM to produce for deposition Adam Swaninger and the unidentified person with the title of "VP, Business Development"; (4) production of MCM's history of lawsuits pursuing collection of debts previously purchased from Comenity; and (5) production of the agreement between TrueAccord and either MCM or MF covering the placements of debts with TrueAccord and providing TrueAccord the right to collect Plaintiff's debt.  *Id.* at 2-3.  Plaintiff requests that the Court permit her to conduct this limited discovery before the Court determines the issue of arbitrability in this case.  *Id.* at 1.

**LEGAL STANDARD**

   Federal Rule of Civil Procedure 56(d) provides that a court may "allow time . . . to take discovery" when "a [litigant] shows by . . . affidavit or declaration that, for specified reasons, it

cannot present facts essential to justify its opposition" to a motion for summary judgment. Rule 56(d) "does not require trial courts to allow parties to conduct discovery before entering summary judgment," and a district court has "wide discretion" in resolving a Rule 56(d) motion. *Anzaluda v. Ne. Ambulance & Fire Prot. Dist.*, 793 F.3d 822, 836 (8th Cir. 2015) (citations omitted); *accord GEICO v. Isaacson*, 932 F.3d 721, 726 (8th Cir. 2019) (quoting *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014)) ("A district court has 'wide discretion' in considering a Rule 56(d) motion."); *Johnson v. Moody*, 903 F.3d 766, 772 (8th Cir. 2018) (quoting *Toben*, 751 F.3d at 895) (appellate review of a district court's decision in resolving a Rule 56(d) motion is "very deferential").

To succeed on a Rule 56(d) motion, a litigant must provide more than "an unspecific assertion" that more time is needed to respond to the summary judgment motion and, instead, must "show he would benefit from further discovery" by stating "with specificity what evidence further discovery would uncover." *Anzaluda*, 793 F.3d at 837. In particular, the litigant seeking a stay must demonstrate how postponement of a ruling will enable the litigant, "by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Toben*, 751 F.3d at 984 (quoting *Ray v. Am. Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir. 2010)). "The purpose of Rule 56(d) is to provide an additional safeguard against an improvident or premature grant of summary judgment." *Rummel v. Massachusetts Mut. Life Ins. Co.*, 2014 WL 1116741, at *1 (E.D. Mo. Mar. 20, 2014) (citing *U.S. ex. Rel. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002)). Therefore, "the rule should be applied with a spirit of liberality." *Id.* (quoting *U.S. ex rel. Bernard*, 293 F.3d at 426) (cleaned up). Rule 56(d) also applies to a motion to compel arbitration "[b]ecause the standard on a motion to compel mirrors that of a motion for summary judgment[.]" *Heath v. Virginia Coll., LLC*, 2018 WL 4521027, at *4 (E.D. Tenn. Sept. 21, 2018).

## DISCUSSION

Plaintiff argues that the additional discovery she requests in her Motion will allow her to uncover specific evidence to challenge the validity of the Card Agreement and the alleged assignments of her account to Defendants. Doc. [24] at 3. Plaintiff contends that her first request, that Defendants produce the Credit Card Account Purchase Agreement referenced in the Bill of Sale, Doc. [17-4] Ex. D, is necessary to determine whether Comenity validly assigned its rights in Plaintiff's account—in particular, its right to compel arbitration—to MCM. Doc. [24]

3

at 9.  In addition to the production of the Purchase Agreement, Plaintiff requests the issuance of subpoenas to Comenity and MCM to compel, in total, the depositions of six individuals: Matthew Blosco,[1] Randy Redcay,[2] the unidentified Comenity officials who sent Plaintiff correspondence on November 14, 2019,[3] and the Credit Card Agreement,[4] Adam Swaninger,[5] and the unidentified MCM official with the title of "VP, Business Development."[6]  Doc. [24] at 6-7.  Plaintiff contends that the depositions of these individuals will reveal relevant information related to the Card Agreement, the arbitration provision, and the validity of the transfer of the rights under the Agreement from Comenity to MCM.  *See id.* at 12-16.  Specifically, Plaintiff wants to depose the unidentified individual who sent her the Credit Card Agreement to "determine the validity and authenticity" of the Agreement.  *Id.* at 13.  The rest of the depositions, Plaintiff argues, are necessary to evaluate the validity of Comenity's sale of Plaintiff's account to MCM.  *Id.* at 12-16.

---

[1] Plaintiff asserts that the deposition of Mr. Blosco is necessary because his submitted testimony, Doc. [17-2], relies on documents that are not signed by Plaintiff, does not indicate how he authenticated the Credit Card Account Purchase Agreement, and makes inconsistent statements regarding the final purchase and payment dates on Plaintiff's account.  Doc. [24] at 11.

[2] Plaintiff seeks to depose Randy Redcay, the CFO of Comenity, to determine whether the Bill of Sale between Comenity and MCM included the right to compel arbitration "or if it was just for accounts receivable."  Doc. [24] at 14.  Plaintiff also claims that she should be able to depose Mr. Redcay because of alleged signature inconsistencies and because he used an electronic signature.  *Id.*

[3] Plaintiff alleges that she should be permitted to depose the individual with knowledge of the November 14, 2019, letter, which is attached to Defendants' Motion as Exhibit 3 of Exhibit B, because the letter "directly contradicts" Defendants' Motion to Compel Arbitration by "failing to indicate whether Comenity's purported rights to compel arbitration" were assigned to MCM.  The letter stated only that "Midland Credit Management, Inc. is entitled to pursue the collection activities and other legal remedies to collect the unpaid balances."  *See* Doc. [24] at 12-13.

[4] Plaintiff contends that the deposition of the individual responsible for sending her the Credit Card Agreement is necessary to determine the issue of arbitrability because Mr. Blosco's declaration, Doc. [17-2], is not sufficient to show:  (1) a date on which the Agreement was sent to Plaintiff; (2) whether the Agreement and card were mailed together or separately; (3) why the Card Agreement purportedly sent to Plaintiff contains no identifying information.  Doc. [24] at 13.

[5] Plaintiff seeks the deposition of Mr. Swaninger, the Manager of Operations for MCM, because, while he testifies to the contents of the business records allegedly obtained from Comenity, including the Credit Card Account Purchase Agreement and the Cardholder Agreement, additional discovery is necessary to determine whether he examined those materials.  Doc. [24] at 16.

[6] Plaintiff argues that the deposition of the "VP, Business Development" for MCM—i.e., the individual who signed the Bill of Sale—is necessary so that Plaintiff may challenge whether he or she is competent to sign the document on which Defendants most heavily rely.  *Id.* at 15.

4

Plaintiff also requests information regarding lawsuits brought by MCM concerning debts previously owned by Comenity. Doc. [27] at 11. She argues that she should be permitted to "evaluate whether MCM waived its rights to compel arbitration by filing lawsuits to collect Comenity debts and concealing from the courts the existence of an arbitration agreement in order to obtain judgments, on one hand, then selectively enforce an arbitration provision when such is in the interest of MCM, on the other hand." *Id.* Finally, Plaintiff argues that Defendants should have to produce the collection servicing agreement that covers the placements of debts with TrueAccord from MCM or MF and provides TrueAccord the right to collect Plaintiff's debt. Doc. [24] at 18. Without access to that agreement, Plaintiff claims that she cannot determine whether TrueAccord has any legal basis to join the other Defendants' Motion to Compel Arbitration.

Defendants respond that additional discovery "would not change any legal or factual determinations regarding the arbitrability of [Plaintiff's] claims." Doc. [25] at 5. They point to the evidence already submitted with their Motion to Compel Arbitration, including the Card Agreement, the Bill of Sale, and declarations from Comenity and MCM affiliates, *id.* at 4, and argue that additional discovery will not enable Plaintiff to rebut their showing of an absence of a genuine issue of material fact as to their ability to compel arbitration. *Id.* at 5. Additionally, Defendants argue that the burden of responding to Plaintiff's discovery requests would outweigh any benefit of the additional discovery, and that Plaintiff's Motion is made in bad faith to cause improper delay and increase the cost of the litigation. *Id.*

After careful review of the parties' filings, the Court finds that Plaintiff has satisfied the requirements of Rule 56(d) as to some of the discovery she seeks. Plaintiff is justified in seeking to delay her response to Defendant's Motion to Compel Arbitration to pursue limited discovery related to the validity of the arbitration clause Defendants seek to enforce, and each Defendant's authority to enforce it. Specifically, her requests for production of the Credit Card Account Purchase Agreement and the agreement that allegedly assigns TrueAccord authority to collect Plaintiff's debt and compel her to arbitrate are justified under Rule 56(d). In addition, she specifically and sufficiently justifies her requests to depose Defendants' declarants, Adam Swaninger and Matthew Blosco. *See* Doc. [27] at 5-7.

The above discovery requests are relevant to the question of arbitrability, as they go to the validity of Card Agreement, the arbitration clause, and putative transfers of Plaintiff's debt—

5

all of which have to be valid in order for Defendants to prevail on their Motion to Compel Arbitration. These questions affect whether arbitration may be compelled at all, and if so, by which parties. *See Palmer v. Mary Jane M. Elliot, P.C.*, 2021 WL 1626355, at *2 (E.D. Mich. Apr. 27, 2021) (whether the right to compel arbitration was validly assigned is "doubtless material"); *see also Valentine v. Midland Funding, L.L.C.* 2020 U.S. Dist. LEXIS 227063, at *3-4 (D.N.J. Dec. 3, 2020) (permitting limited discovery on the issue of arbitrability where the authenticity of the Card Agreement and the "chain of custody regarding the right to compel arbitration" was at issue).

With respect to the two agreements and the Blosco and Swaninger depositions, Plaintiff has also done more than merely state that the requested discovery would be beneficial to her case. *See Anzaluda*, 793 F.3d at 836. She has identified specific requests that are necessary to determine the issue of arbitrability and has stated with specificity what evidence those requests will uncover. *Id.* at 837; *see also Vitello v. Natrol, LLC*, 2021 WL 1222423, at *5 (E.D. Mo. Mar. 31, 2021) (denying a Rule 56(d) Motion where the plaintiff did not provide "specific fact[s] that would raise a genuine issue of material fact"). Plaintiff has sufficiently demonstrated that the terms of the two agreements are relevant,[7] and indeed may impact, the validity of the purported assignments of the right to compel arbitration. Additionally, Plaintiff has noted several apparent inconsistencies in Blosco and Swaninger's declarations, including the date the account was charged-off and the date of the final payment on the account. Doc. [24] at 10-12; 16-17. Both declarations also rely on the Bill of Sale to conclude that MCM owns "all rights, title, and interest in Plaintiff's account," Docs. [17-5] ¶¶ 5-6; [17-2] ¶ 15, but neither discusses

---

[7] Defendants rely heavily on *Dotson v. Midland Funding*, 2020 U.S. Dist. LEXIS 9583 (D.N.J. Jan. 21, 2020), to support their assertion that production of the Credit Card Purchase Agreement is unnecessary when the Bill of Sale has already been turned over. *Dotson* is not, however, "identical" to the circumstances in this case, as Defendants argue, Doc. [25] at 11, nor is it binding on this Court. In *Dotson,* the District Court of New Jersey Dotson determined that, in light of the sworn statements by Comenity and Midland Funding's officials, the plaintiff's speculation that the purchase agreement may contradict the other documents provided did not warrant the production of the purchase agreement. *Dotson*, 2020 U.S. Dist. LEXIS 9483, at *1. This case differs, most notably, in that Plaintiff points to omissions and inconsistencies in the statements of Comenity and MCM officials as the basis for her requests. *See* Doc. [27] at 7.

6

the Purchase Agreement or the declarant's knowledge of its contents. Thus, additional testimony is necessary for Plaintiff to pursue her theory on the issue of arbitrability.[8]

Moreover, Plaintiff has demonstrated that, without additional discovery discussed above, she cannot properly oppose Defendants' Motion to Compel Arbitration. Currently, Plaintiff does not have access to the two agreements or the additional information that the deposition testimony of Mr. Blosco and Mr. Swaninger would provide. That evidence is likely to influence the threshold issue of arbitrability in her case, and the Court hesitates to rule on a Motion to Compel Arbitration before Plaintiff has had the opportunity to review those materials. *See Palmer,* 2021 WL 1626355, at *2 (lack of access to documents and witnesses is sufficient to prove a genuine dispute of fact for purposes of a 56(d) motion); *cf. Dowdy v. Santander*, 2019 WL 5455554, at *2 (D. Md. Oct. 24, 2019) (denying a plaintiff's request for additional discovery where she seeks items that should have been or already were within her possession).

With respect to Plaintiff's other requests—four additional depositions and an accounting of MCM's litigation history relating to collection of Comenity debts—Plaintiff has not met the Rule 56(d) standard for additional discovery before responding to Defendants. Unlike the requests discussed above, Plaintiff has not stated with any specificity what evidence these requests would uncover. *Anzaluda*, 793 F.3d at 837. She has provided nothing more than speculation that past lawsuits might effect a waiver of MCM's putative right to enforce an arbitration agreement here. Doc. [24] at 14; Doc. [27] at 8. She has likewise failed to show how depositions of Randy Redcay or three unknown individuals at Comenity and MCM would in any way enable her to rebut Defendants' arguments in the Motion to Compel. Doc. [24] at 12-15; Doc. [25] at 9.

Plaintiff primarily suggests that the additional depositions will permit her to further address the alleged inconsistencies in the record regarding the dates of her purchases and payments on her account and the date that the account was charged-off, as well as the validity of the Card Agreement itself. *See* Doc. [24] at 12-15. She also contends that the depositions are necessary to challenge the competency of Randy Redcay to sign the "Portfolio Level Affidavit or

---

[8] While Plaintiff is permitted to depose Mr. Blosco and Mr. Swaninger, those depositions must be limited to questions relating to the records pertaining to Plaintiff's account, the Bill of Sale, the Purchase Agreement, and their knowledge thereof. Specifically, the Court rejects Plaintiff's questioning of Mr. Swaninger's signature as it appears within his declaration and notes that such a theory should not be pursued at his deposition. Doc. [24] at 17.

Sale By Original Creditor," *id.* at 14-15, and the unidentified person with the title VP, Business Development, MCM to sign the Bill of Sale, *id.* at 15. Those requests are entirely speculative and would not enable her to "rebut [Defendants'] showing of the absence of a genuine issue of fact." *Toben*, 751 F.3d at 894. Moreover, the deposition requests would be unduly burdensome relative to the value that is likely to be discovered. Indeed, the information Plaintiff seeks from the additional depositions might be sufficiently uncovered through the production of the two agreements and the depositions of Mr. Blosco and Mr. Swaninger.

  The Court rejects Defendants' blanket assertions that Plaintiff's requests for discovery relating to issue of arbitrability were unduly burdensome and made in bad faith, however. Doc. [25] at 5. Considering the prospective costs and benefits in this particular case, the possible prejudice to Plaintiff from denying her limited discovery as to arbitrability substantially outweighs the likely costs to Defendants of compliance. Even if the Court had granted all of Plaintiff's requests, the burden to Defendants of complying would have been the costs of producing a small number of documents that are already in their possession, plus a small number of targeted depositions. While that is by no means negligible, it pales in comparison to the possible cost to Plaintiff of denying her targeted discovery relating to the validity of the arbitration agreement. Denial of limited discovery as to arbitrability may "effectively end [her] claim in this litigation; the Court does not take such action lightly." *Gray v. Suttell & Assocs.*, 2011 U.S. Dist. LEXIS 159341, at *5 (E.D. Wa. July 1, 2011); *see also Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764 (3rd Cir. 2013) ("[I]f the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then the parties should be entitled to discovery on the question of arbitrability . . . .").

## CONCLUSION

  For the foregoing reasons, Plaintiff's Motion for Discovery Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure and to Stay the Briefing of Defendants' Motion to Compel Arbitration, Doc. [23], is granted in part and denied in part. Defendants must produce the discovery allowed in accordance with the procedures set forth below. The Court will consider Defendants' Motion to Compel Arbitration and Stay Proceedings, Doc. [16], once discovery is completed and the Motion is fully briefed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Discovery Pursuant to Rule 56(d) and Motion to Stay Defendants' Motion to Compel Arbitration and Stay Proceedings (Doc. [23]) is **GRANTED IN PART** and **DENIED IN PART.**

**The Credit Card Account Purchase Agreement between Comenity Bank and Midland Credit Management must be turned over to Plaintiff within 7 days of issuance of this Order.**

**Depositions of Matthew S. Blosco and Adam Swaninger must be completed within 21 days of this Order.  Depositions are limited to matters affecting the validity of the arbitration agreement and assignments of the right to compel arbitration.**

**Plaintiff must file her response to Defendants' Motion to Compel Arbitration within 35 days of this Order.**

Dated this 18th day of February, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE